ELLIS, Judge:
This is a suit for workman’s compensation benefits by Jack J. Lowe against the St. Tammany Parish School Board and Fireman’s Fund Insurance Company, its insurer. From a judgment dismissing the suit, plaintiff has appealed.
Plaintiff is employed as a biology teacher at Pearl River High School in St. Tammany Parish. On November 16, 1972, he injured his back while attempting to break up a fight among some of the students.
After his injury, plaintiff was treated by Dr. William Crooks, a general practitioner. Dr. Crooks treated him conservatively and in addition had orthopedic consultations with Dr. Luis F. Matta, and Dr. Edward A. Attix. After March 28,1973, Dr. Attix was plaintiff’s principal treating physician. Plaintiff was also seen by Dr. John D. Jackson, a neurologist, and Dr. Ronald W. Rac-ca, an orthopedic surgeon.
Plaintiff apparently suffered a low back sprain or strain, with possible disc involvement. He has been treated conservatively since the accident with medication for pain, muscle relaxants, and traction, and has been wearing a back brace. There is no doubt that plaintiff was injured and that he continues to suffer pain as a result thereof. It is plaintiff’s contention herein that he is working in pain of such a nature as to render him totally and permanently disabled.
Disabling pain, as defined in Glidden v. Alexandria Concrete Company, 242 La. 625, 137 So.2d 894 (1962), is:
“The pain must be substantial enough to be disabling in that it either prevents the worker from carrying out some of the functions of his job or, where the pain is not so intense as to hinder the worker’s fulfillment of his duties, it must be shown that performance of the work would be deleterious to his health.”
It is not disputed that plaintiff is carrying out all of the functions required of him as a biology teacher, and has been doing so for several years. In addition he receives compensation for acting as trainer of some of the athletic teams at Pearl River High School.
Dr. Attix has permitted plaintiff to work, and recommended that he continue to work at his employment. Dr. Attix did not think that plaintiff’s condition had deteriorated during the course of his treatment.
The trial judge, who heard plaintiff and the other lay witnesses testify relative to the manner in which he carried out his duties, and to his degree of pain, did not find plaintiff’s pain to be of such a nature as to render him totally and permanently disabled under the law. Our examination of the record, in the light of the law cited above, leads us to the same conclusion.
*1153 The judgment appealed from is therefore affirmed, at plaintiff’s cost.
AFFIRMED